UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>HUI LIAN KE,<br><br>　　　　　Plaintiff. | Case No. 17-cv-04778-EMC<br>Case No. 17-cv-04787-EMC<br>Case No. 17-cv-04825-EMC<br><br>**ORDER OF DISMISSAL** |

Hui Lian Ke, also known as Lily Ko, an inmate at the Santa Clara County Jail, has filed more than thirty civil actions this year. This order addresses three actions she filed against state court judges while she was confined in county jail.

These three actions are now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to do a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at 1915A(b)(1),(2).

These three actions seek to prevent three judges of the Santa Clara County Superior Court from acting in state court cases that were or are pending. In *Ke v. Jones*, Case No. 17-4778 EMC, Plaintiff seeks a writ of mandamus preventing Judge Rise Pichon Jones from acting in several cases that are or were pending in Santa Clara County Superior Court. Plaintiff also demands the return of her two children and her release from jail. In *Ke v. Schwarz*, Case No. 17-4787 EMC, Plaintiff has captioned the case as being filed in the "Superior Ecclesiastical Court - Ninth Circuit Court, California." She seeks a "writ of inhibition" "forbidding Judge [Schwarz] from proceeding

in [two superior court cases] for the sins she committed." Docket No. 1 at 1 in Case No. 17-cv-4878 EMC.[1] In *Ke v. McCoy*, Case No. 17-cv-4825 EMC, Plaintiff has captioned the case as being filed in the "Superior Ecclesiastical Court - Ninth Circuit Court, California." She seeks a "writ of inhibition" "forbidding Judge [McCoy] from proceeding in [two superior court cases] for the sins she committed." Docket No. 1 at 1 in Case No. 17-cv-4825 EMC.

Plaintiff has captioned two of these actions as being filed in an ecclesiastical court.[2] The term "ecclesiastical courts" is a "generic name for certain Courts having cognizance mainly of spiritual matters." *D. v. D.* 20 A.2d 139, 140 (Del. 1941). This Court is not an ecclesiastical Court, the Santa Clara County Superior Court is not an ecclesiastical court, Plaintiff is not an ecclesiastical court, and Plaintiff does not present any document from an ecclesiastical court. There being no ecclesiastical court in the picture, Plaintiff's petitions for writ of inhibition (as in a writ issuing from a superior ecclesiastical court, *see* footnote 1) are plainly meritless. In the interest of justice, the Court will liberally construe the two petitions for writ of inhibition to be petitions for writ of prohibition, as she is seeking an order restraining judges from adjudicating two cases.

Plaintiff is not entitled to have this Court issue a writ of mandamus, mandate or prohibition under California law. The terms "mandate" and "mandamus" are interchangeable. *See, e.g.,* Cal. Code Civ. Proc. § 1084 ("The writ of mandamus may be denominated a writ of mandate"). A writ of mandate "may be issued by any court to any inferior tribunal . . . or person, to compel the performance of an act which the law specially enjoins." Cal. Code Civ. Proc. § 1085. A writ of prohibition "arrests the proceedings of any tribunal . . . or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal . . . or person." Cal. Penal Code § 1102. California's writ of mandate and writ of prohibition statutes, Cal. Code,

---

[1] Black's Law Dictionary provides this definition: "Inhibition. In Ecclesiastical law. A writ issuing from a superior ecclesiastical court, forbidding an inferior judge to proceed further in a cause pending before him. In this sense it is closely analogous to the writ of *prohibition* at common law." *Black's Law Dictionary* 922 (rev. 4th ed. 1968) (emphasis in source).

[2] Plaintiff appears to be working with a book of writs, as she has requested writs of mandamus, prohibition, certiorari, error coram nobis and habeas corpus in various cases she has filed in this Court.

1  Civ. Proc. §§ 1085 and 1102, are procedural rules that do not apply to a federal court. This court
2  cannot entertain a petition for a writ of mandate, mandamus or prohibition under California Code
3  of Civil Procedure §§ 1085 or 1102 *when there is no other basis for federal subject matter*
4  *jurisdiction. See Hill v. Cnty. of Sacramento*, 466 F. App'x 577, 579 (9th Cir. 2012) ("The district
5  court also correctly rejected Hill's claim for a writ of mandate under Cal. Civ. Proc. Code § 1085
6  to compel the defendants to comply with federal regulations. . . . Cal. Civ. Proc. Code § 1085
7  authorizes only state courts to issue writs of mandate."); *San Francisco Apartment Ass'n v. City &*
8  *Cnty. of San Francisco*, 142 F. Supp. 3d 910, 917 n.2 (N.D. Cal. 2015) ("§ 1085 is a 'procedural
9  mechanism,' not a substantive claim. (Citation omitted.) Moreover it does not apply in federal
10 court"); *Pacific Bell Tel. Co. v. City of Walnut Creek,* 428 F. Supp. 2d 1037 (N.D. Cal. 2006)(the
11 "claim for a writ of mandate is a state law claim. Although the asserted bases for issuance of such
12 writ are the City's alleged violations of both federal and state law, the claim remains a state law
13 claim").
14   Plaintiff also is not entitled to relief under the federal mandamus statute because that
15 statute reaches only *federal* officers and employees, not *state* officers and employees. *See* 28
16 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of
17 mandamus to compel an officer or employee of the United States or any agency thereof to perform
18 a duty owed to the plaintiff.") A petition for a writ of mandamus "to compel a state court or
19 official to take or refrain from some action is frivolous as a matter of law." *Demos v. U.S. District*
20 *Court,* 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order);
21 *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state
22 officers or employees). Plaintiff cannot obtain a federal writ of mandamus compelling the Santa
23 Clara County Superior Court judges to take action or refrain from taking action in cases pending
24 in that court. Plaintiff's petitions in these three actions have no legal merit.
25   Plaintiff mentions in her petitions that she wants to be released from custody. If Plaintiff
26 wants to challenge the lawfulness of her current custody, the exclusive method by which she may
27 do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*,
28 411 U.S. 475, 500 (1973). The Court will not construe any of the present actions as a petition for

3

writ of habeas corpus because Plaintiff already has several petitions for writ of habeas corpus pending. *See Ke v. Davis*, 17-cv-4826 VC; *Ko v. Fleming*, 17-cv-5178 VC; *Ko v. Fleming*, 17-cv-5179 VC.

For the foregoing reasons, these actions are **DISMISSED**. Leave to amend will not be granted because it would be futile: there do not appear to be any additional facts that could be alleged that would give this Court the power to compel state court judges to adjudicate or refrain from adjudicating cases pending in the state court.

**IT IS SO ORDERED**.

Dated: November 30, 2017

EDWARD M. CHEN
United States District Judge